UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00332-MOC
(3:08-cr-00131-MOC-3)

| TORRIE BROWN, | ) |  |
|---|---|---|
| Petitioner | ) |  |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on court-appointed counsel's Amended Motion to Withdraw as Counsel (#9) and Motion to Seal (#10). In accordance with Local Civil Rule 6.1, the Motion to Seal will be granted as the underlying Amended Motion discusses privileged attorney-client communications. Having reviewed the Amended Motion, the Court finds that counsel has shown good cause to withdraw, in accordance with the Court's earlier Order (#8) and Local Civil Rule 83.1(f).

The Government has filed a Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255. The Government contends, among other things, that the underlying claim raised in the Motion to Vacate is without merit under a recent decision of the United States Supreme Court in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). As Petitioner is now proceeding without counsel, he will be advised of his obligations in responding to the Motion to Dismiss and also advised of his opportunity to take a voluntary dismissal without prejudice.

**ROSEBORO/CASTRO NOTICE**

1

I.      **Advice of Opportunity to File a Response**

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner is advised that he has an opportunity to respond to the Government's Motion to Dismiss. Any response must be in writing and filed with the Court within 30 days of the issuance of this Order. Petitioner must also mail a copy of that response to counsel for the Government. Failure to respond or take further action (as discussed below) may result in the Government's Motion to Dismiss being granted without further notice.

II.     **Advice of Right to Take a Voluntary Dismissal without Prejudice**

Inasmuch as Petitioner is now proceeding without the assistance of an attorney, the Court finds, under the general guidance of Castro v. United States, 540 U.S. 375 (2003), that it is appropriate to advise Petitioner concerning the consequences of having his Motion to Vacate resolved on the merits and alternatives to a merits disposition.

First, if the Court decides the Government's Motion to Dismiss in a manner unfavorable to Petitioner, such a resolution would be a decision on the merits, making any future motion to vacate a "second or successive" petition. Before filing a second or successive petition in this Court, Petitioner would be required to obtain permission from the Court of Appeals.

Second, because the Government has filed a motion to dismiss, rather than a response, to the Motion to Vacate, Petitioner has the right to take a voluntary dismissal of his § 2255 Motion without prejudice under Rule 41, Federal Rules of Civil Procedure.[1] A voluntary dismissal may

---

[1] In relevant part, Rule 41(a)(1), Fed. R. Civ. P. provides as follows:

> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i)     a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii)    a stipulation of dismissal signed by all parties who have appeared.

be taken by Petitioner filing a Notice of Voluntary Dismissal with this Court. The filing of a Notice of Voluntary Dismissal would end this case without the Court reaching the merits of the Motion to Vacate or the Government's Motion to Dismiss. See Jackson v. United States, 245 F. App'x. 258 (4th Cir. 2007). Petitioner is cautioned that if he has previously dismissed a motion to vacate, a voluntary dismissal in this case would operate as an adjudication on the merits.

Third, in determining whether to file a Notice of Voluntary Dismissal, Petitioner should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to §2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that court-appointed counsel's Amended Motion to Withdraw as Counsel (#9) and Motion to Seal (#10) are **GRANTED,** the Amended Motion to Withdraw (#9) is **SEALED**, and for good cause shown, counsel is relieved from further representation of Petitioner in this matter.

**IT IS FURTHER ORDERED** that Petitioner is allowed **30 days** from the issuance of this Order to file a response to the Government's Motion to Dismiss. The Clerk of Court is directed to mail a copy of the Government's Motion to Dismiss (#6), along with a copy of this Order, to Petitioner at his place of confinement.

Signed: May 18, 2017

Max O. Cogburn Jr
United States District Judge

---

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.